(No. 14034.—Reversed and remanded.)

The Chicago and Northwestern Railway Company, Appellee, *vs.* Louis L. Emmerson, Secretary of State, Appellant.

*Opinion filed October 22, 1921—Rehearing denied Dec. 9, 1921.*

This case is controlled by the decision in *Armstrong* v. *Emmerson,* (*ante,* p. 54.)

Appeal from the Circuit Court of Sangamon county; the Hon. E. S. Smith, Judge, presiding.

Edward J. Brundage, Attorney General, (Clarence N. Boord, and Jas. W. Gullett, of counsel,) for appellant.

Edgar R. Hart, and Barber & Barber, (Nelson J. Wilcox, of counsel,) for appellee.

Per Curiam: The Chicago and Northwestern Railway Company is a railway corporation organized and existing under the laws of Illinois, Wisconsin and Michigan. It is engaged in the business of a common carrier of passengers and freight, and by means of its connections with other systems of railroads its business extends to all of the several States of the United States. Prior to October, 1906, its capital stock was $100,000,000. Upon compliance with the requirements of law the corporation was authorized in October, 1906, to increase its capital stock to $200,000,000. Prior to July 1, 1919, the corporation had issued $167,825,-400 of its capital stock. Under the general Corporation act of 1919 the Secretary of State assessed the annual license

fee or franchise tax against the corporation, based on the total amount of capital stock authorized by the articles of incorporation, which amounted to $14,378. Penalties under the act would attach for non-payment of the tax after July 31. The corporation denied the statute authorized the Secretary of State to assess the tax on the basis of the total capital stock and contended the tax should be based on only the amount of the capital stock issued, inasmuch as the issue of additional stock could only be made by authority of the Public Utilities Commission, and that body might refuse to authorize a further issue. The Secretary of State insisted on payment of the amount assessed, which the corporation paid under protest and then filed its bill to enjoin the Secretary of State from paying any of the money in excess of $12,064.97 into the State treasury and that he be required to refund to complainant the excess paid to him, $2313.03. The circuit court overruled a general demurrer to the bill, and, defendant electing to abide by his demurrer, entered a decree in accordance with the prayer of the bill, from which defendant has prosecuted this appeal.

The sole question presented by this appeal is whether the annual franchise tax or license fee required by the general Corporation act of 1919 to be paid by a public utility corporation is to be based on the capital stock authorized by the charter or articles of incorporation or only on that part of the capital stock which has been actually issued or authorized to be issued by the Public Utilities Commission or other commission having supervision over the issue of capital stock. That precise question was raised in *Armstrong* v. *Emmerson,* (*ante,* p. 54,) and it was decided contrary to the contention of appellee. It is therefore unnecessary to further discuss the question here, as that case must control.

The decree is reversed and the cause remanded to the circuit court, with directions to dismiss the bill.

*Reversed and remanded, with directions.*